**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARIA TERESA PULLY,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:08-cv-1596-Orl-22DAB**

**UNITED STATES GOVERNMENT**
**AND/OR STATE OF FLORIDA,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 5)**
>
> **FILED:** October 2, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be dismissed.

As stated in prior Report (Doc. No. 3), in order to proceed as a pauper, Plaintiff must state a cognizable cause of action within the limited jurisdiction of this Court. The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991),

*cert. denied*, 503 U.S. 921 (1992). Plaintiff has filed an Amended Complaint (Doc. No. 4) which does not meet this standard.

In prior Report, the Court addressed the deficiencies of the original Complaint, noting, among other things, that Plaintiff "fails to sufficiently identify the Defendant or Defendants, other than a broad reference to the state or federal government,"and noting that the vagueness of her allegations make her claim untenable. Unfortunately, the Amended Complaint fares no better.

Plaintiff sues for a civil injunction for "interference with Title 43-cease and desist action." (Doc. No. 4). To the extent Plaintiff is referring to Title 43 of the United States Code, that title involves the regulation and management of Public Lands. The Court sees no connection with statutes regarding the management of public land and Plaintiff's claim of interference with her life by "federal government agencies, DON, or other parties and the state of Florida, responsible departments." As with the initial complaint, Plaintiff alleges various acts committed by unspecified agencies, parties, or departments, such as entering "many private homes," illegally seizing clothing and other items, unlawfully transmitting offensive transmissions into her FM car radio, placing electronic surveillance devices "within several private residences without permission,"and other intrusions by "the government." As this Court noted earlier:

> To the extent she believes "the government"has intruded on her privacy through her automobile radio and physical intrusions into her home and closet, she does not plead any facts, as opposed to unwarranted fears or conclusions, to support her charge that she is being harassed contrary to a particular federal law. If Plaintiff is complaining that this conduct was in retaliation for her filing a whistleblower complaint of some sort, although she does not identify the particular federal statute she may be proceeding under, as the complaint was filed in June of 2002, a retaliation complaint is likely barred by the statute of limitations. *See Graham County Soil &Water Conservation District v. United States*, 545 U.S. 409, 422 (2005) (holding that the correct limitations period for a False Claims Act retaliation claim is that established under "the most
> closely analogous state statute of limitations.")

(Doc. No. 3). No tenable claim is stated in the Amended Complaint.

As Plaintiff has twice been unable to state a cognizable claim against a recognizable and identifiable defendant and within the limited jurisdiction of this Court, and the Court finds no such claim can be stated on the "facts" presented, it is **respectfully recommended** that the motion be **denied** and that the Complaint be **dismissed, without leave to amend.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 8, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy